# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY WAGONER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RIORES, Warden,<br><br>　　　　　　Respondent. | 1:09-cv-00676-AWI-BAK-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　Petitioner filed the instant federal petition on February 20, 2009, in the United States District Court for the Central District of California.  (Doc. 1).  On April 9, 2009, Respondent filed a motion to transfer the case to the United States District Court for the District of Minnesota, the sentencing court, because Respondent contended that the instant habeas petition should have been filed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 10). On April 15, 2009, the United States Magistrate Judge in the Central District ordered the case transferred to this Court, apparently because Petitioner was, at the time of filing, confined within this district at the United States Prison-Atwater, in Atwater, California.

(Doc. 11).[1]

In the petition, Petitioner challenges his 1989 conviction and subsequent 360 month sentence on drug charges in the United States District Court for the District of Minnesota. (Doc. 1, p. 2). Petitioner further alleges that on October 14, 1997, and again on April 9, 1999, the Minnesota district court denied Petitioner's motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 was denied. (Doc. 1, pp. 8-9). In the former motion, Petitioner raised the claim of an illegal search, perjured testimony at trial, and fraudulent and manufactured evidence. (Doc. 1, p. 8). In the latter motion, Petitioner raised ineffective assistance of counsel. (Id. at p. 9). Both motions were denied by the trial court. (Id.).

Petitioner now brings this habeas petition, challenging that 1989 conviction on three grounds: (1) the conspiracy to possess with intent to distribute, listed as count one in the superceding indictment, is "unrelated to the crime for which the records and filed actually indicted petitioner"; (2) use of fraudulent evidence in the obtaining of the conviction; and (3) ineffective assistance of appellate counsel. (Doc. 1, pp. 12-14).

Because the Court has determined that Petitioner's claims should been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, and because the Court finds that such a procedure is neither inadequate or ineffective, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.

---

[1] On May 14, 2009, Petitioner filed a change of address with this Court indicating that he had been transferred to the United States Prison-Allenwood, located in White Deer, Pennsylvania. (Doc. 17).

A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner acknowledges that he is attacking his 1989 conviction. However, he maintains that he has already filed two separate motions under § 2255, that both were denied, that the AEDPA's [2] one-year statute of limitations forecloses him from bringing a second and successive petition, and therefore that, under the "savings clause" in § 2255, he is entitled to bring this action pursuant to § 2241. The Court disagrees.

As mentioned, an inmate challenging a federal conviction must normally proceed in the trial court with a motion pursuant to § 2255. Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez, 204 F.3d at 864-5; United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id. In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing

---

[2] On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). While the AEDPA most dramatically affected habeas procedures for state prisoners, it also imposed a one-year statute of limitations for federal inmates filing motions pursuant to § 2255. See 28 U.S.C. § 2255(f).

3

1  a second or successive motion under § 2255. <u>Ivy</u>, 328 F.3d at 1060-1061.  That is, relief
2  pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged
3  test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and,
4  (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." <u>Id</u>.
5  at 1060.

6       "In determining whether a petitioner had an unobstructed procedural shot to pursue his
7  claim, we ask whether petitioner's claim 'did not become available' until after a federal court
8  decision." <u>Harrison v. Ollison</u>, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129
9  S.Ct. 254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim
10 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2)
11 whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255
12 motion." <u>Id.</u>, citing <u>Ivy</u>, 328 F.3d at 1060-1061.

13      Here, <u>Ivy</u> is dispositive of Petitioner's contention.  In that case, petitioner, who was
14 convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise,
15 contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where
16 he was confined, that he was actually innocent because the indictment did not charge him with
17 the requisite three offenses to sustain a conviction for a continuing criminal enterprise.  <u>Ivy</u>, 328
18 F.3d at 1058.  After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997,
19 and 1999.  <u>Id</u>.  The original motion was denied on its merits, while the second and third motions
20 were denied as second and successive motions.  <u>Id</u>.  In 2000, Ivy filed his federal habeas petition
21 in the Arizona district court.  <u>Id</u>.  The district court, however, dismissed the petition because Ivy
22 had not shown that § 2255 was either inadequate or ineffective.  <u>Id</u>.

23      In affirming the district court's dismissal, the Ninth Circuit employed the two-part test
24 discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he
25 had been convicted and that he has never had an "unobstructed procedural shot" at presenting
26 this claim.  <u>Id</u>. at 1059.  In explaining that standard, the Ninth Circuit stated:

27         In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his
        claim of innocence by motion under 2255.  He *must never have had* the opportunity to
28         raise it by motion.

Id. at 1060 (emphasis supplied).  Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  This Petitioner has failed to do.  As in Ivy, Petitioner can not establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in his earlier motions pursuant to § 2255. Certainly, Petitioner was aware of the nature of charges listed in the indictment at the time he was originally charged.  Any discrepancies between the indictment and the charges for which he was convicted would have been apparent to Petitioner at that time of trial and could have been raised in subsequent proceedings in the appellate courts or in the § 2255 proceedings.  If indeed fraudulent and manufactured evidence were used against him at trial, Petitioner would have been keenly aware of such facts during the trial and could have raised the issue at that time.  Finally, Petitioner would have been aware during his appeal that his appellate attorney was providing ineffective assistance.

In other words, all of the alleged improprieties in the instant petition occurred during the trial and subsequent appeal, and could thus have been raised at least in Petitioner's original motion pursuant to § 2255.  Petitioner, therefore, cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court.  Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

1 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d
2 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001)
3 (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28
4 U.S.C. § 1651).

5     In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way
6 of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[3]

**RECOMMENDATION**

8     Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be
9 DISMISSED.

10     This Findings and Recommendations is submitted to the United States District Court
11 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-
12 304 of the Local Rules of Practice for the United States District Court, Eastern District of
13 California. Within twenty (20) days after being served with a copy of this Report and
14 Recommendation, any party may file written objections with the Court and serve a copy on all
15 parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and
16 Recommendation." Replies to the Objections shall be served and filed within ten (10) court days
17 (plus three days if served by mail) after service of the Objections. The Court will then review the
18 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that
19 failure to file objections within the specified time may waive the right to appeal the Order of the
20 District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.

23 **Dated:   June 15, 2009**                    /s/ Sandra M. Snyder
24                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Minnesota. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.