IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY WAGONER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RIORDES, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | CV F 09 - 0676 AWI - BAK - SMS <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING CERTIFICATE OF APPEALABILITY <br><br> Documents #'s 29 and 26 |

In 1989, petitioner Jimmy Wagoner ("Petitioner") was sentenced in the United States District Court for the District of Minnesota to a term of imprisonment of 360 months following his conviction following jury trial on drug and conspiracy charges. The instant motion pursuant to 28 U.S.C. § 2241[1] was transferred to this court from the Central District of California on April 9, 2009. On June 15, 2009, the Magistrate Judge filed findings of fact and conclusions of law ("F&R's") recommending that Petitioner's motion pursuant to § 2241 be dismissed. The Magistrate Judges F&R's were adopted by order of this court on July 30, 2009. On August 31, 2009, Petitioner filed a motion for reconsideration of the court's order adopting the Magistrate Judge's F&R's. On September 28, 2009, Petitioner filed a notice of appeal and a motion for certificate of appealability ("COA"). The court's docket reflects that Petitioner's appeal was

---

[1] All references to section or subsection numbers hereinafter refer to section or subsections of Title 28 of the United States Code unless otherwise specified.

processed by the Ninth Circuit on October 13, 2009. On December 2, 2009, the Ninth Circuit issued an order remanding the case to this court for the limited purpose of granting or denying a COA. For the reasons set forth below, the court will deny both the motion for reconsideration and the motion for COA.

**I. Motion for Reconsideration**

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

Petitioner's request for reconsideration is based on the allegation that he prepared an opposition to the Magistrate Judge's F&R's and gave the opposition to personnel at the Allenwood Federal Prison where he was then housed, but the opposition was not mailed and therefore not available for consideration by the court. Petitioner's allegation is contrary to fact. Petitioner's opposition to the F&R's was filed on July 1, 2009, Doc. # 22, and was given full consideration by this court in reaching its decision as to the adoption of the F&R's. Because Petitioner's request for reconsideration is based solely on an erroneous premise, the request for

reconsideration will be denied.

**II. Certificate of Appealability**

The Ninth Circuit Court of Appeals decision in Harrison v. Ollison, 519 F.3d 592 (9th Cir. 2008). Provides conclusive guidance in the court's consideration of Petitioner's request for a certificate of appealability. The Harrison court, summarizing the jurisdictional boundaries for habeas petitions pursuant to § 2255 and § 2241, noted:

> Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. [Citation.] there is an exception, however, set forth in § 2255: A federal prisoner may file a hebeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. We refer to this section of § 2255 as the "savings clause" or the "escape hatch." [Citation.] If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court.

Id. at 956 (some internal citations and quotations omitted). In Harrison, as here, the petitioner challenged his sentence by way of appeals and petitions pursuant to both §§ 2255 and 2241 in the sentencing court *before* filing a petition pursuant to § 2241 in the custodial court.[2] In Harrison, as here, the custodial court denied the § 2241 petition and the petitioner appealed the denial without having first obtained a COA.

It is well settled that, where a petition pursuant to § 2241 is in essence a disguised § 2255 petition, the petitioner cannot appeal from the denial of that petition without a COA. See id. at 958 ("where 'it is apparent from the face' of the § 2241 petition that the petitioner 'raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence,' the petitioner cannot appeal the denial of a § 2241 petition without a COA"). However, as the Harrison court pointed out, there is no statutory jurisdictional requirement for a COA prior to appellate review of the denial of a habeas petition that is properly filed pursuant to

---

[2] For purposes of this discussion, this court refers to itself as the "custodial" court even though Petitioner currently appears to be housed in an out-of-state facility. Petitioner's 2241 petition was filed while Petitioner was housed at the federal prison in Atwater, California, a facility within this court's jurisdiction.

§ 2241.  Id.  Since a habeas petition that satisfies the requirements of the savings clause of section 2255 is properly filed under § 2241, the Harrison Court concluded that the absence of a COA does not deprive an appellate court of jurisdiction to review the denial of a habeas petition pursuant to section 2241 if the petition alleges the requirements of the savings clause in good faith.  Id. at 958-959.  Further, the Harrison court concluded that the appellate court "'retain[s] jurisdiction to determine [its] jurisdiction" and so may review a district court's denial of a § 2241 habeas petition to the extent necessary to determine if the district court was correct in its dismissal without the requirement for a COA.  Id. at 959.

To meet the requirements for the safety hatch criteria of § 2255, the petitioner must "(1) make[ ] a claim of actual innocence, and (2) [have] not had an unobstructed procedural shot at presenting that claim."  Stevens v. Herrera, 464 F.3d 895, 898 (9th Cir, 2006).  The Magistrate Judge's F&R's considered all the claims asserted by Petitioner and concluded that "all of the alleged improprieties in the instant petition occurred during the trial and subsequent appeal, and could thus have been raised at least in Petitioner's original motion pursuant to § 2255. Petitioner, therefore, cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court."  Doc. # 19 at 5:18 - 20.

While both the Magistrate Judge's F&R's and the court's order adopting the F&R's noted that Petitioner should have filed a motion in the sentencing court pursuant to § 2255, neither the F&R's or the court's order adopting the F&R's deemed Petitioner's motion to be pursuant to § 2255.  Because this court considered Petitioner's claim that he was entitled to consideration of his § 2241 petition under the savings clause of § 2255 and concluded that Petitioner had failed to meet the requirements of the savings clause, this court concludes that the appellate court has jurisdiction under Harrison to determine if this court's dismissal was correct without a COA.

Because the court finds that Petitioner may receive appellate review of this court's dismissal of his § 2241 habeas petition without a COA, Petitioner's motion for COA is hereby

DENIED.  For the reasons stated, Petitioner's motion for reconsideration is also DENIED.

IT IS SO ORDERED.

**Dated:   December 9, 2009**                     **/s/ Anthony W. Ishii**
                                                 CHIEF UNITED STATES DISTRICT JUDGE